**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 26, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

CHRIS HARRIS,

     Defendant-Appellant.

No. 09-2118
(D.C. No. 1:05-CR-02365-MV-1)
(D.N.M)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BALDOCK,** and **HOLMES**, Circuit Judges.

Defendant Chris Harris entered a conditional guilty plea to a charge of possession with intent to distribute 50 grams or more of a mixture or substance containing cocaine base in violation of 21 U.S.C. § 841(b)(1)(a)(iii). On appeal, Defendant argues the district court erred in denying his motion to suppress because probation and police officers violated his rights under the Fourth Amendment when they entered his apartment and searched him and the apartment without a warrant or reasonable suspicion.

Because the parties are familiar with the historical facts of this case, we do not

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

recite them here. Having reviewed the record and considered the briefs and oral arguments of the parties, we are convinced the district court did not err in denying Defendant's motion to suppress. Defendant's order of probation provided for warrantless searches of his person, residence, and property by a probation officer with reasonable suspicion of criminal activity or a probation violation. The district court properly found the probation and police officers had reasonable suspicion to enter and search Defendant's apartment and his person in accordance with Defendant's order of probation based on (1) information from two independent confidential informants that Defendant was dealing drugs, in addition to information from a third independent confidential informant who participated in a controlled buy from Defendant; (2) one officer's knowledge of Defendant's history of possessing and illegally discharging a firearm; and (3) highly suspicious and evasive behavior of Defendant and the two men with him in his apartment, visible to the officers from outside. These facts provided the officers with a particularized and objective basis for suspecting criminal activity, justifying their entry and search in accordance with Defendant's order of probation. See United States v. Trujillo, 404 F.3d 1238, 1244 (10th Cir. 2005) ("Reasonable suspicion requires only a particularized and objective basis for suspecting criminal activity . . . .").

Accordingly, the district court's denial of Defendant's motion to suppress is

AFFIRMED.


Entered for the Court,


Bobby R. Baldock
United States Circuit Judge